UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICAH LEWIS,

Plaintiff,

v. CASE NO. 3:26-cv-497-WWB-SJH

CAPITAL ONE, N.A.,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** is before the undersigned on Defendant's Motion for Judgment on the Pleadings and Supporting Memorandum of Law ("Motion"), Doc. 24, and Plaintiff's response thereto, Doc. 25. For the reasons herein, Plaintiff will be directed to file an amended complaint, and the Motion will be denied without prejudice as moot.

Plaintiff filed a Complaint and Demand for Jury Trial ("Complaint") against Defendant. Doc. 1. In the Motion, Defendant moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure ("Rule(s)"), arguing that Plaintiff's claims are inadequate as a matter of law. Doc. 24. Plaintiff argues otherwise. Doc. 25. Upon review, however, and as discussed herein, the Complaint is an impermissible "shotgun" pleading. As such, it is neither necessary nor practical to attempt to decipher the pleading and address any substantive issues at this time. *E.g.*, *Davis v. Charter Schs. USA, Inc.*, No. 6:25-cv-1269-JSS-NWH, 2025 WL 2819324, at *2

(M.D. Fla. Oct. 3, 2025); *Warren v. Devanguardia*, No. 6:25-cv-1573-JSS-NWH, 2025 WL 2770882, at *2 (M.D. Fla. Sept. 26, 2025); *Benetiz v. True Choice Telecom, LLC*, No. 6:19-cv-2148-Orl-37GJK, 2020 WL 10058210, at *1 (M.D. Fla. Feb. 4, 2020).[1] Rather, Plaintiff, who is proceeding *pro se*, shall be given an opportunity to attempt to cure any deficiencies and directed to file a proper pleading. *See, e.g.*, *Bourjolly v. Werner Auto. Holdings*, No. 6:25-cv-15-DCI, 2026 WL 83978, at *3 (M.D. Fla. Jan. 12, 2026).[2]

A pleading must comply with the standards of Rules 8 and 10(b). A pleading stating "a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Fed. R. Civ. P. 8(a). In addition, a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly[.]" *Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (quotation omitted).[3]

---

[1] Though the Motion does not directly raise the issue of shotgun pleading, the Court should *sua sponte* address an impermissible shotgun pleading. *See Davis*, 2025 WL 2819324, at *2; *Abel v. Porsche Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024).

[2] Although the undersigned does not address the substantive arguments in the Motion at this time, Plaintiff should carefully consider them in drafting an amended complaint.

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

A complaint that violates Rule 8(a), Rule 10(b), or both, may be described as a "shotgun" pleading. *See Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *3–4 (11th Cir. Mar. 20, 2023). Shotgun pleadings are strictly prohibited. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–58 (11th Cir. 2018); *see also Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 WL 3719151, at *2 (11th Cir. May 30, 2023). There are four rough categories of prohibited shotgun pleadings, including a complaint (1) with "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'"; (3) "that does not separate 'each cause of action or claim for relief' into a different count"; and (4) "that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Mathis*, 2023 WL 2568814, at *4 (citation omitted); *see also Moore*, 2023 WL 3719151, at *2; *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021).

Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply

with the rules of procedure." *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015); *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).[4]

Here, for example,[5] each successive count in the Complaint realleges all allegations of all preceding counts. Doc. 1 at ¶¶ 57, 61, 65. As such, the Complaint at minimum constitutes the first category of—and "quintessential"—impermissible shotgun pleading. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Crosby v. Florida.*, No. 3:22-cv-67-MMH-LLL, 2022 WL 195312, at *2 (M.D. Fla. Jan. 21, 2022); *VM Glob. Partners, LLC v. Laxai Pharma, Ltd.*, No. 8:14-cv-1343-T-27EAJ, 2014 WL 12634948, at *1 (M.D. Fla. Dec. 1, 2014).

Plaintiff will thus be directed to file an amended complaint in compliance with the instructions herein and the Rules.[6] Plaintiff's amended complaint must comply with the Rules, including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain

[4] Complying with the Rules includes avoiding shotgun pleadings, and thus *pro se* shotgun pleadings are also forbidden. *See Brown v. Columbus Police Dep't*, No. 23-11896, 2024 WL 3451862, at *6–7 (11th Cir. July 18, 2024); *see also Mikov v. Vill. of Palm Springs, Fla.*, No. 23-13311, 2024 WL 3178043, at *3 (11th Cir. June 26, 2024); *Mathis*, 2023 WL 2568814, at *4; *LaCroix*, 627 F. App'x at 818–19. "It is not the district court's job to parse out incomprehensible allegations from shotgun pleadings"; rather, shotgun pleadings are subject to dismissal. *Dvoinik v. Rolff*, No. 23-14147, 2024 WL 2974475, at *4 (11th Cir. June 13, 2024); *see also Owens v. Fla. Dep't of Revenue*, No. 22-10550, 2023 WL 4105378, at *2–3 (11th Cir. June 21, 2023).

[5] The example provided herein is "just that—[an] example[]. In amending, [Plaintiff] must ensure that he complies with the Federal Rules of Civil Procedure and avoids shotgun pleading pitfalls." *Bright v. Thomas*, No. 8:22-cv-24-CEH-JSS, 2022 WL 1237898, at *6 (M.D. Fla. Apr. 27, 2022).

[6] This Order is not meant to address all potential deficiencies in the Complaint.

statement of the claim showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Thus, Plaintiff should state all facts on which he relies to support his claim(s) in sequentially numbered paragraphs. Where necessary for clarity, discrete claims should be separated into different counts. If Plaintiff fails to file an amended complaint in compliance with this Order and all applicable rules and law, this action may be dismissed.

Plaintiff should note that the amended complaint will supersede the prior pleading and become the operative pleading. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Thus, the amended complaint must be complete and must include all claims Plaintiff wishes to pursue, as well as all facts in support and relief sought, in a single submission.

As such, given the forthcoming amended pleading, the Motion, directed to the Complaint, is due to be denied without prejudice as moot. *See Wullschleger*, 604 U.S. at 35; *see also Lewo v. Texas Ins. Co.*, No. 5:25-cv-321-JSM-PRL, 2025 WL 3751948, at *2 (M.D. Fla. July 29, 2025) (denying as moot motion directed to prior pleading upon the filing of an amended pleading); *Schnackenberg v. Toll Bros. Mortg. Co.*, No. 3:24-cv-324-MMH-PDB, 2024 WL 4791930, at *1 (M.D. Fla. Sept. 4, 2024) (same); *Razi v.*

*Razavi*, No. 5:12-cv-80-Oc-34TBS, 2012 WL 12953932, at *1 (M.D. Fla. June 8, 2012) (same).

Accordingly, it is **ordered**:

1. Plaintiff is **directed** to file an amended complaint in compliance with this Order and all applicable rules and law by no later than **August 11, 2026**. Failure to do so may result in the dismissal of this action.

2. The Motion, Doc. 24, is **denied without prejudice as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, on July 21, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff

Counsel of Record